

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00411-CV

**IN THE INTEREST OF A.D., JR., A CHILD,**

         **Appellant**

**From the 278th District Court**
**Walker County, Texas**
**Trial Court No. 18-28,739**

**&**

### No. 10-19-00412-CV

**IN THE INTEREST OF K.M., B.S., J.M., AND J.C., CHILDREN,**

         **Appellant**

**From the 278th District Court**
**Walker County, Texas**
**Trial Court No. 18-28,745**

## ABATEMENT ORDER

Accelerated appeals in termination cases require strict adherence to shortened

deadlines. Rule of Judicial Administration 6.2(a) states that in an appeal of a suit for

termination of the parent-child relationship or a suit affecting the parent-child relationship filed by a governmental entity for managing conservatorship, appellate courts should dispose of the appeal <u>within 180 days of the date the notice of appeal is filed. This deadline is not extended for delays or extensions in filing the records or briefs of the parties.</u>

On November 14, 2019, appellant, Darkevia Jones, filed notices of appeal in appellate cause numbers 10-19-00411-CV and 10-19-00412-CV, challenging the trial court's orders terminating her parental rights to A.D., K.M., B.S., J.M., and J.C. On December 20, 2019, the Department of Family and Protective Services filed a motion to access the appellate record, asserting that the Clerk's Record had been inadvertently sealed without a sealing order from the trial court. Appellant filed motions to access the appellate record as well. After contacting the Walker County District Clerk's Office, the Clerk's Record was unsealed. We therefore dismissed both parties' motions to access the appellate record as moot.

On January 6, 2020, appellant filed her first motion for extension of time, stating that she needed more time to file her appellant's briefs because she did not have adequate time to review the appellate record due to the inadvertent sealing of the Clerk's Record. We granted appellant's motions for extension of time.

On January 28, 2020, appellant filed a second motion for extension of time in both appellate cause numbers. In these motions, appellant alleged that the Reporter's Records

that were filed in this Court do not contain transcripts of the proceedings during the pretrial phase of these cases. Appellant argues that these transcripts are necessary to adequately prepare her appeals. Appellant also indicated that she has filed motions for a complete Reporter's Record in both cases in the trial court.

We have contacted the court reporter, Kimberly C. McCright, to determine: (1) if there were any pretrial hearings where the transcripts have not been prepared; (2) the whereabouts of said pretrial transcripts, if any; and (3) whether the trial court has ruled on appellant's motions for a complete Reporter's Record in both cases. The court reporter responded as follows:

> I pulled up the notes on this and it looks like the Court designated the date(s) which were what we filed in the matters. We filed two hearing dates for the cases—they were heard together, but filed under separate appeal numbers. Those dates were 10/10 and 10/29. Each appeal had four volumes; Master Index was vol 1, transcripts vol 2 and 3, exhibits vol 4.

There was no mention of any transcripts pertaining to any pretrial hearings, nor did the court reporter indicate that the trial court had ruled on appellant's motions for a complete Reporter's Record in both cases.

Because of the time-sensitive nature of these termination cases, and because it is unclear as to whether we have a complete record in these cases which the parties can use to prepare their appellate briefs, we therefore abate these cases to the trial court with instructions to hold a hearing to determine: (1) whether we have a complete Clerk's and Reporter's Record in both cases, including all pretrial hearings in these cases; and (2) if

not, when the records will be completed. If the records are incomplete, efforts shall be made to file the completed records immediately.

The trial court shall conduct the hearing within fourteen days after the date of this order. The trial court clerk and court reporter shall file supplemental records within twenty-eight days after the date of this order.

As a final note, we remind appellant that, if the record is not complete already, appellant's briefs in both cases will be due within twenty days of the completion of the appellate records. Due to the time-sensitive nature of these cases, any further motions for extension of time will be disfavored. And in light of this order, we take no action on appellant's second motions for extension of time to file her appellant's briefs at this time.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Appeals Abated
Opinion delivered and filed January 29, 2020
[RWR]

